IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ABDUL KHALIS CALHOUN,**

    Plaintiff,

v.

**PORTLAND POLICE BUREAU (PPB), JOSHUA DERY.**, in his individual and official capacity **RONALD HOSELY** in his individual and official capacity, **D. SEAN BURNS,** in his individual and official capacity et al., and **AMERICAN MEDICAL RESPONSE (AMR), BECKY CLARK,** agent in her individual and official capacity, et al.,

    Defendants.

No. 3:17-cv-01020-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Plaintiff Abdul Khalis Calhoun is proceeding *pro se* in this civil rights action. On December 14, 2017, he filed an Amended Complaint, a Memorandum of Points and Authorities, a Declaration of Service of his Amended Complaint, and a Jury Trial Demand for Resolution of Dispute in Commercial Law. Portland Police Bureau ("PPB") and American Medical Response ("AMR") Defendants each filed Motions to Dismiss the Amended Complaint under Rules 12(b) and 41(b), and PPB Defendants moved to strike documents Mr. Calhoun filed with his Amended Complaint and in support of his Response opposing the Motions to Dismiss. The Parties have fully briefed the Motions, and as explained below, I GRANT Defendants' Motions to Dismiss [55 and 56], and DENY the PPB Defendants' Motions to Strike [55 and 64].

1 –OPINION AND ORDER

### A. Background.

An attorney represented Mr. Calhoun when he filed this case in June 2017. The initial Complaint named AMR, Inc., the City of Portland, Joshua Dery, Kyle Stutevoss, Ronald Hoesly, and D. Sean Burns as defendants. (Compl., dkt. no. 1). Mr. Calhoun's then-counsel prepared a summons for issue by the Clerk of the Court. Mr. Calhoun's then-counsel directed the summons for AMR, Inc. to Lori A.E. Evans, who the summons described as "AMR's authorized representative." (Summons, dkt. no.3).

In late September, Mr. Calhoun's attorney moved to withdraw. (Mot. to Withdraw as Counsel, dkt. no. 27). During the hearing on the motion to withdraw at which Mr. Calhoun, his then-attorney, and counsel for Defendants personally appeared, the Court granted Mr. Calhoun's then-counsel's motion to withdraw and gave Mr. Calhoun sixty days to find new counsel. (Min. of Proceedings, dkt. no. 33). At a telephone status conference in early December, Mr. Calhoun indicated he planned to proceed *pro se*, and the Court granted his oral request for leave to file an Amended Complaint but specified that the Amended Complaint could not add any new parties to the case. (Min. of Proceedings, dkt. no. 50). Shortly after the status conference, Mr. Calhoun filed his Amended Complaint, which Defendants now move to dismiss.

### B. Legal Standards.

Court must liberally construe documents filed by *pro se* litigants, and must hold a *pro se* complaint, "however inartfully pleaded," to a "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Cf. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed as to do justice"). The rule, however, "applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v.*

*Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary, but a plaintiff must allege facts that establish "more than a sheet possibility that a defendant has acted unlawfully" and "raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put another way, a claim for relief must be plausible, not just possible. *Id.* When ruling on a defendant's motion to dismiss for failure to state a claim brought under Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint. *Id.*

Federal Rule of Civil Procedure 12(b)(5) allows a judge to dismiss a complaint for insufficient service of process. A plaintiff must serve process on a defendant within 120 days after a complaint is filed. Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 41(b) allows a defendant to move to dismiss claims against it if a plaintiff fails to comply with a court order.

Federal Rule of Civil Procedure 12(f) allows a court to strike "redundant, immaterial, impertinent, or scandalous matters.

**C. Discussion.**

**1. The PPB Defendants' Motions to Strike.**

The PPB Defendants move to strike the "Citation" and Memorandum of Points and Authorities that Mr. Calhoun filed along with his Amended Complaint as well as the document identified as a copy of the original Complaint in this matter that Mr. Calhoun filed in support of his Response in Opposition to the Motions to Dismiss. While the PPB Defendants correctly identify the documents as redundant or immaterial, striking the documents from the record would serve no purpose.

## 2. The PPB and AMR Defendants' Rule 41(b) Motion to Dismiss.

In his Amended Complaint, Mr. Calhoun added two new parties: Becky Clark and the PPB. Defendants both move to dismiss these new parties under Rule 41(b) on the grounds the Court ordered Mr. Calhoun not to add any new parties to the case. In his Response, Mr. Calhoun argues his prior counsel "did 'in fact' incorporate Becky Clark, agent for AMR, as well as Portland Police Bureau . . . within this cause of action." (Resp. at 3, dkt. no. 59).

Federal Rule of Civil Procedure 10(a) requires that requires that the caption of the complaint include the names of all of the parties to the action; merely mentioning or incorporating a party within a Complaint does not make them a party. I dismiss Becky Clark and the Portland Police Bureau[1] from this action with prejudice on the grounds that Mr. Calhoun's addition of these two parties to his Amended Complaint violated the Court's Order that he not add any new parties when amending his complaint.

## 3. AMR Defendant's Rule 12(b)(5) Motion to Dismiss for Failure to Serve any AMR Entity.

AMR moves to dismiss Mr. Calhoun's Amended Complaint under Federal Rule of Civil Procedure 12(b)(5) for failure to properly serve any AMR entity. AMR Defendants explain that Mr. Calhoun's former counsel named AMR, Inc. as a defendant, prepared a summons for issue directed to Laurie A.E. Evans, an alleged authorized representative for AMR, Inc. in Greenwood Village, Colorado. (AMR's Mem. Supp. Mot. Against Am. Compl.at 3, dkt. no. 57). Then, Mr. Calhoun's former counsel mailed the summons and a copy of the original Complaint along with a letter to Ms. Evans addressing her as the "registered agent for AMR." (*Id.*). While AMR, Inc. is not a registered

---

[1]Additionally, I dismiss the Portland Police Bureau from this action because it is not a proper defendant. *Lukens v. Portland Police Bureau, et al.*, No. 3:11–cv–00827–MO, 2011 WL 5999376 at*2 (D. Or. Nov. 29, 2011) ("[T]he Portland Police Bureau is not a separate entity from the City of Portland and is not amenable to suit. It is merely the vehicle through which the city fulfills its police functions.").

4 –OPINION AND ORDER

corporate entity in either Oregon or Colorado, the Oregon Secretary of State's office shows American Medical Response Northwest, Inc. is an Oregon corporation with a principle place of business in Colorado with a registered agent in Salem, Oregon. (*Id*).

In Response to AMR Defendant's motion to dismiss for lack of service, Mr. Calhoun says only that his former counsel did not forward service documents to him. (Resp.at 5, dkt. no. 59). The same day Mr. Calhoun filed his Response, his former counsel filed a "Certificate of Service by all Plaintiffs Upon AMR," stating that AMR was served by certified mail on July 24, 2017, by a letter addressed to "Ms. Laurie A.E. Evans" in Greenwood Village, Colorado. (Certificate of Service, dkt. no. 61).

To serve a corporation, a plaintiff must deliver a copy of the summons and of the complaint, in the manner set forth b Rule 4, to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process. Fed. R. Civ. P.4(h)(1)(B). Here, it is clear that Mr. Calhoun's former counsel did not serve an officer, general agent, or authorized agent of any AMR entity. As stated in AMR's Motion to Dismiss briefing and as indicated by the Oregon Secretary of State's records, Ms. Evans is not the registered agent for any AMR entity. Accordingly, AMR is dismissed from this action for lack of service.

As AMR Defendants point out in their Motion, Federal Rule of Civil Procedure 4(m) requires service of process on a defendant 120 days after a plaintiff files a complaint. Here, Mr. Calhoun's then-counsel first filed a complaint on June 29, 2017. The 120 days to serve an AMR entity ran on October 27, 2017. Given however, that Mr. Calhoun's prior counsel's failed to correctly serve an AMR entity and Mr. Calhoun apparently relied on his prior counsel's incorrect service, I will grant Mr. Calhoun additional time to properly serve any amended complaint on an AMR entity. Failure to properly serve an AMR entity within the additional time given, however, will result in dismissal of any amended complaint against an AMR entity for failure to properly serve.

5 –OPINION AND ORDER

### 4. PPB and AMR Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.

Both PPB and AMR Defendants seek to dismiss Mr. Calhoun's Amended Complaint under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Mr. Calhoun's Amended Complaint alleges ten "causes of action." PPB and AMR Defendants move to dismiss some of Mr. Calhoun's claims without prejudice and some with prejudice. When a claim is dismissed without prejudice, it means that the plaintiff has an opportunity to cure the deficiencies in his or her pleading with an amended complaint. A court should only dismiss a *pro se* plaintiff's compliant with prejudice when it is clear that clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

Defendants move to dismiss the following claims with prejudice: (1) Oregon Constitution Article 1, §§ 9, 13, 16, and 20 claims in the Second, Third and Fourth Cause of Action; (2) Fifth Cause of Action; (3) Sixth Cause of Action; (4) Seventh Cause of Action; (5) Eighth Cause of Action; (6) Ninth Cause of Action; and (7) Tenth Cause of Action. Defendants correctly assert that Mr. Calhoun has no cause of action under Article I, §§ 9, 13, 16, and 20 of the Oregon Constitution. *Hunter v. City of Eugene*, 309 Or. 298, 787 P.2d 881 (1990) ("Oregon's Bill of Rights provides no textual or historical basis for implying a right to damages for constitutional violations."). Because Mr. Calhoun has no cause of action under the Oregon Constitution, he cannot cure the defects in his claims under the Oregon Constitution through amendment of his Complaint. Accordingly, I grant Defendants' Motion to Dismiss Mr. Calhoun's claims under the Oregon Constitution in the Second, Third, Fourth, and Sixth Causes of Action in his Amended Complaint with prejudice.

Defendants also correctly assert that Mr. Calhoun cannot state claims for relief under criminal statutes. Amendment cannot cure this defect. Accordingly, I grant Defendants' Motion to Dismiss Mr. Calhoun's Fifth, Sixth, Ninth, and Tenth causes of action brought under criminal statutes with

prejudice. In an abundance of caution, I dismiss Mr. Calhoun's Seventh Cause of Action without prejudice to amending this claim to state a civil tort claim for assault or battery. Mr. Calhoun, however, must be mindful of the elements of a civil assault or battery claim in any amended complaint, including the element of use of physical violence or excessive force.

Defendants argue that Mr. Calhoun's Eighth Cause of Action, Trespass to Person should be dismissed with prejudice because it not a recognized cause of action and simply mirrors his claims that Defendants violated his Fourth Amendment claims in his Second Cause of Action. I agree that Trespass to Person is not a cognizable cause of action and that the allegations in this cause of action mirror the allegations in Mr. Calhoun's claims under the Fourth Amendment in his Second and Fourth Causes of Action—Defendants trespassed against Mr. Calhoun by allegedly "conducting an unlawful blood draw, by unlawfully chaining plaintiff down without consent and without a lawful search warrant." (Am. Compl. at 14-15, dkt. no. 52). I grant Defendants' motion to dismiss the Eight Cause of Action for failure to state a cognizable cause of action but dismiss it without prejudice. While I decline to dismiss the Eighth Cause of Action with prejudice, I caution Mr. Calhoun that any amended complaint he files should not contain repetitive causes of action.

This leaves Mr. Calhoun's First Cause of Action and the portions of his Second, Third, and Fourth causes of action that do not rest on the Oregon Constitution. I find that Mr. Calhoun's First Cause of Action fails to state any cognizable legal theory or any claim for relief. It quotes from, among other things, various civil and criminal statutes, the Oregon and United States Constitutions, and cites the right to attorney's fees under various federal statutes, and appears to be more an introduction to the Amended Complaint than an actual claim. Because Mr. Calhoun's First Cause of Action is so disjointed, it is impossible to determine whether he can cure its deficiencies with amendment. In an

abundance of caution, however, I grant dismiss Mr. Calhoun's First Cause of Action without prejudice and with leave to amend.

Mr. Calhoun's Second, Third, and Fourth Causes of Action allege violations of the Fourth, Eighth, and Fourteenth Amendments. As Defendants note, Mr. Calhoun's Amended Complaint provides few factual allegations. He alleges only that around July 4, 2015, the Defendants chained him to the floor and drew his blood without a search warrant. (Am Compl. at pp. 10, 11, 12, 14). These facts are insufficient to support Mr. Calhoun's claims that Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights. Although he makes conclusory allegations that all the Defendants acted under color of state law to violate his constitutional rights, he does not allege specifically in what acts each named defendant engaged. *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir.1984). (stating even *pro se* plaintiffs "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim."). Mr. Calhoun's "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey*, 673 F.2d at 268. Accordingly, I dismiss the portions of Mr. Calhoun's Second, Third, and Fourth Causes of Action that claim violations of the U.S. Constitution with leave to amend.

**D. Conclusion.**

I construe Mr. Calhoun's Memorandum of Points and Authorities [51] as a motion to file an amended complaint and DENY the motion as moot. I DENY PPB Defendants' Motions to Strike [55 and 64].

I GRANT the PPB and AMR Defendants' Rule 12(b)(5) and (6) and 41(b) Motions to Dismiss [55 and 56]. I dismiss Mr. Calhoun's claims against Becky Clark and the PPB with prejudice. Any amended complaint must not include these parties. I dismiss Mr. Calhoun's claims against AMR for failure to properly serve any AMR entity. I dismiss Mr. Calhoun's claims under the Oregon

Constitution and criminal statutes in his Second, Third, Fourth, Fifth, Sixth, Ninth, and Tenth Causes of action with prejudice and without leave to amend. Mr. Calhoun may, however, amend his Seventh Cause of Action to state a civil tort claim for assault or battery. I dismiss Mr. Calhoun's First Cause of Action and his claims of violations of his Fourth, Eighth, and Fourteenth Amendment rights in his Second, Third, and Fourth Causes of action with leave to amend. Finally, I dismiss Mr. Calhoun's Eighth Cause of Action—Trespass to Person—with leave to amend. I remind Mr. Calhoun, however, that any amended complaint should not contain duplicative claims for relief.

Mr. Calhoun is granted thirty days from the date this order is filed to file an amended complaint. Failure to file an amended compliant will result in dismissal of this action. If Mr. Calhoun files an amended complaint that includes claims against an AMR entity, he is granted thirty days from the date the amended complaint is filed to properly serve the amended complaint on an AMR entity.

DATED this ⎯⎯ day of March, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge